**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. SHAMIKA SIMON<br><br>    Plaintiff-Relator,<br><br>v.<br><br>TOZY DISCOUNT CORP.; THAUMY<br>ZONGO; and MAHESHA WOOLRIDGE,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. _____<br>  **FILED UNDER SEAL** |

## COMPLAINT

1.    Relator Shamika Simon ("Relator") brings this action on behalf of herself and the United States of America against defendants Tozy Discount Corp.; Thaumy Zongo; and Mahesha Woolridge for violations of the federal False Claims Act, 31 U.S.C. §§ 3729 *et seq.*

2.    This action seeks to recover funds that were loaned to Defendants through the federal Government's Paycheck Protection Program ("PPP") as a result of false applications.

3.    From about fall 2013 to summer 2014, Shamika Simon worked for Tozy Discount Corp., a small discount store in the Bronx. The store closed in 2015.

4.    Notwithstanding having been closed for a number of years, Tozy Discount applied for and received a $325,500 PPP loan.

5.      Upon receipt, the funds were quickly distributed to the owner(s) and their friends and family. The loan was charged off at the Government's expense.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. §§ 1331, 1345.

7.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 31 U.S.C. § 3732(a), as one or more of the defendants resides or transacts business in this jurisdiction and violations of the False Claims Act described herein occurred in this district.

## PARTIES

8.      Defendant Tozy Discount Corp. was a discount store selling items such as women's clothing and personal items. It was located at and had a principal address of 976 East 165th Street, Bronx, NY 10459.

9.      To Ms. Simon's knowledge, the Tozy Discount store closed in 2015.

10.     Defendant Thaumy Zongo owned and operated Tozy Discount.

11.     According to a Bill of Sale dated January 12, 2017, Zongo agreed to sell his shares of Tozy Discount to Defendant Mahesha Woolridge.

12.     Relator Shamika Simon worked for Tozy Discount from approximately November 2013 until the summer of 2014.

## THE PAYCHECK PROTECTION PROGRAM

13.     During the COVID-19 pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). Section 1102 of the CARES Act contains a program called the Paycheck Protection Program ("PPP"), a program administered by the U.S. Small Business Administration ("SBA") to provide economic relief to small businesses nationwide adversely impacted by the coronavirus pandemic.

14.     Section 1102 of the CARES Act temporarily permitted SBA to guarantee 100% of the PPP loans. Section 1106 of the CARES Act provided for forgiveness of up to the full principal amount of qualifying loans guaranteed under the PPP.

15.     The CARES Act gives lenders delegated authority to process loan applications for PPP funding. SBA allowed lenders to rely on certifications of the borrowers in order to determine eligibility of the borrower and use of loan proceeds, and to rely on specified documents provided by the borrower to determine qualifying loan amount, and eligibility for loan forgiveness.

16.     Lenders were compensated by the federal government via processing fees based on the balance of the financing outstanding at the time of final disbursement, in the following amounts:

- Five (5) percent for loans of not more than $350,000;

- Three (3) percent for loans of more than $350,000 and less than $2,000,000;

and

- One (1) percent for loans of at least $2,000,000.

17.    Borrowers had to submit documentation necessary to establish eligibility such as payroll processor records, payroll tax filings, form 1099s, income and expenses documentation.

18.    In general, the maximum amount borrowers could borrow was calculated by aggregating payroll costs from the previous year, with annual employee salaries capped at $100,000. The borrower then calculated the average monthly payroll cost and multiplied that amount by a factor of 2.5.

19.    Each borrower certified on the First and Second Draw loan applications that they were eligible to receive the loans under the program guidelines and that their applications and supporting documentation were accurate.

20.    Borrowers were able to seek forgiveness of the loans if the funds were used for eligible payroll costs, payments on business mortgage interest payments, rent, or utilities.

## FACTUAL ALLEGATIONS

21.    Tozy Discount Corp. was approved for a PPP loan of $325,500 on April 16, 2021 by Bank of America. The application claimed 19 employees. The loan was later charged off.

22.    Tozy Discount closed in 2015. Ms. Simon is not aware of any online store

-4-

or other services that could be construed as Tozy Discount still being open and active at the time of the PPP loan.

23.    After Tozy Discount closed, other stores opened at the Bronx address. Botanica Patron Santiago operated beginning in about 2015, and BX Embroidery started operating out of this location in 2022 and is still at this location.

24.    Moreover, when Ms. Simon worked at Tozy Discount, it only had two employees, including herself.

25.    To receive $325,500 in PPP funds, Tozy Discount must have had payroll expenses of $1.56 million, with an average salary of $82,232 for its alleged 19 employees, well in excess of Ms. Simon's salary as a discount store employee (and likely also in excess of the small business's revenues).

26.    Although Tozy Discount is no longer in business, it still has a Bank of America business checking account that was used for transfer of the PPP funds. On April 1, 2021, the beginning balance was $74.11. The PPP funds were deposited into the account and swiftly withdrawn through daily transfers and checks. By May 31, 2021, the balance was back to $127.73.

27.    Notably, none of the transactions before, during, or after the loan appear to be for the operation of a business.

28.    These transactions include checks from Zongo to Mimi Eco Cleaning, a business owned by Thaumy Zongo's sister. Other checks were written by Zongo

to his cousins. Zongo also sent Zelle transfers to his and his sister's personal accounts.

29.    There are also checks signed by Mahesha Woolridge, including to herself and for "back rent" even though Tozy Discount does not operate a physical location. There are also Zelle transfers to her personal account.

30.    Version 10 of the PPP Borrower Application Form,[1] effective March 18, 2021, required the applicant to certify in good faith, including initialing certain individual responses, that, *inter alia*:

a.  The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) (the Paycheck Protection Program Rule).

b.  All loan proceeds will be used only for business-related purposes as specified in the loan application and consistent with the Paycheck Protection Program Rules including the prohibition on using loan proceeds for lobbying activities and expenditures.

c.  The Applicant was in operation on February 15, 2020, has not permanently closed, and was either an eligible self-employed individual, independent contractor, or sole proprietorship with no employees, or had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC.

d.  The funds will be used to retain workers and maintain payroll; or make payments for mortgage interest, rent, utilities, covered operations expenditures, covered property damage costs,

---

[1] https://www.sba.gov/sites/default/files/2021-03/BorrowerApplication2483ARPrevisions%20%28final%203-18-21%29-508.pdf

covered supplier costs, and covered worker protection expenditures as specified under the Paycheck Protection Program Rules; I understand that if the funds are knowingly used for unauthorized purposes, the federal government may hold me legally liable, such as for charges of fraud.

e.  The Applicant will provide to the Lender documentation verifying the number of full-time equivalent employees on the Applicant's payroll as well as the dollar amounts of payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities for the eight-week period following this loan.

f.  I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000.

31.    Tozy Discount's loan application falsely certified compliance with the above statements. Tozy Discount had long been permanently closed, it had no employees, and its owners personally distributed the funds to themselves, friends, and family. Even when Tozy Discount was open, it did not have 19 employees.

32.    Because this loan was obtained under fraudulent pretenses and the funds were not used for business-related purposes, Zongo and Woolridge should be personally liable for repaying it and the processing fees, with penalties.

## COUNT I
## VIOLATIONS OF 31 U.S.C. § 3729
## FALSE CLAIMS ACT

33. Relator hereby incorporates and realleges all other paragraphs as if fully set forth herein.

34. As set forth above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval, in violation of 31 U.S.C. § 3729(a)(1)(A).

35. As set forth above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to numerous false claims, in violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(B).

36. As set forth above, Defendants knowingly conspired to commit a violation of the False Claims Act, in violation of 31 U.S.C. § 3729(a)(1)(C).

37. Due to Defendants' conduct, the United States Government has suffered substantial monetary damages and is entitled to recover treble damages and a civil penalty for each false claim, record, or statement. 31 U.S.C. § 3729.

38. Relator is entitled to reasonable attorneys' fees, costs, and expenses. 31 U.S.C. § 3730(d)(1).

## PRAYER FOR RELIEF

WHEREFORE, Relator prays for judgment against Defendants:

(a) awarding the United States treble damages sustained by it for each of the false claims;

(b) awarding the United States a maximum civil penalty for each of the false claims and statements;

(c) awarding Relator the maximum relator's share of the proceeds of this action and any alternate remedy or the settlement of any such claim;

(d) awarding Relator litigation costs and reasonable attorneys' fees and expenses; and

(e) granting such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Relator hereby respectfully demands trial by jury on all issues and counts triable as of right before a jury.

Respectfully submitted,

Anna C. Dover
New York Registration No. 4396909
**Bracker & Marcus LLC**
11 Broadway, Suite 615
New York, NY 10004
Telephone: (646) 448-5253
Facsimile: (678) 648-5544
Anna@FCAcounsel.com

-9-